UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------ x

JORGE PENA,

                                        Plaintiff,

                      -against-

THE CITY OF NEW YORK, POLICE OFFICER
MARCELA BINAGI, Tax # 953685, SERGEANT
MICHAEL FARONE, Tax # 906205, and SERGEANT
STEWART, Shield No. 50872

                                     Defendants.

------------------------------------------------------------------------ X

**16 CV 5059 (RMB)**

**AMENDED COMPLAINT**

**JURY TRIAL DEMANDED**

**ECF CASE**

# **PRELIMINARY STATEMENT**

1. This is a civil rights action to recover money damages arising out of defendants' violation of plaintiff's rights as secured by the Civil Rights Act, 42 U.S.C. Section 1983, and of rights secured by the Fourth, Fifth and Fourteenth Amendments to the United States Constitution, and the common law and the laws of the State of New York. On November 8, 2014, at approximately 4:00 a.m., plaintiff, Jorge Pena, was subjected to a false arrest, false imprisonment by the defendant New York City police officers. Thereafter, plaintiff was maliciously prosecuted and denied the right to a fair trial by the defendant police officers. Plaintiff was deprived of his constitutional and common law rights when the individual defendants falsely arrested, imprisoned, maliciously prosecuted, and denied the right to a fair trial in violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the First, Fourth and Fourteenth Amendments to the United States Constitution. Jurisdiction is conferred upon this court by 28 U.S.C. §§ 1331, 1342 (3) and (4) and the aforementioned statutory and constitutional provisions.

3. The plaintiff further invokes this Court's supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gave rise to the federally based claims and causes of action.

## VENUE

4. Venue is proper for the United States District Court for the Southern District of New York pursuant to 28 U.S.C. § 1391, (a), (b) and (c) and § 1402 (b) because the claims arose in this district.

## PARTIES

5. Plaintiff JORGE PENA is a resident of the State of New York.

6. POLICE OFFICER MARCELA BINAGI, Tax # 953685, is and was at all times relevant herein, an officer, employee, and agent of the New York City Police Department.

7. POLICE OFFICER MARCELA BINAGI, Tax # 953685, is and was at all times relevant herein, assigned to the Transit District #2 precinct.

8. POLICE OFFICER MARCELA BINAGI, Tax # 953685, is being sued in his individual and official capacities.

9. SERGEANT MICHAEL FARONE, Tax # 906205, is and was at all times relevant herein, an officer, employee, and agent of the New York City Police Department.

10. SERGEANT MICHAEL FARONE, Tax # 906205, is and was at all times relevant herein, assigned to the Transit District #2 precinct.

11. SERGEANT MICHAEL FARONE, Tax # 906205, is being sued in his individual and official capacities.

12. SERGEANT STEWART, Shield No. 50872, is and was at all times relevant herein, an officer, employee, and agent of the New York City Police Department.

13. SERGEANT STEWART, Shield No. 50872, is and was at all times relevant herein, assigned to the Transit District #2 precinct.

14. SERGEANT STEWART, Shield No. 50872, is being sued in his individual and official capacities.

15. At all times relevant herein, the individual defendants were acting under color of state law in the course and scope of their duties and functions as agents, servants, employees and officers of the New York City Police Department, and otherwise performed and engaged in conduct incidental to the performance of their lawful functions in the course of their duties. They were acting for and on behalf of the New York City Police Department at all times relevant herein, with the power and authority vested in them as officers, agents and employees of the New York City Police Department and incidental to the lawful pursuit of their duties as officers, employees and agents of the New York City Police Department.

16. Defendant City of New York is a municipal entity created and authorized under the laws of the State of New York. It is authorized by law to maintain a police department, which acts as its agent in the area of law enforcement and for which it is ultimately responsible. The defendant City of New York assumes the risks incidental to the maintenance of

a police force and the employment of police officers as said risks attach to the public consumers of the services provided by the New York City Police Department.

17. Plaintiff in furtherance of his State causes of action filed a timely Notice of Claim against the CITY OF NEW YORK, in compliance with the Municipal Law Section 50.

18. More than thirty (30) days have elapsed since service of said Notice of Claim was filed and THE CITY OF NEW YORK has failed to pay or adjust the claim.

19. THE CITY OF NEW YORK held a 50-h hearing on September 3, 2015.

## STATEMENT OF FACTS

20. On November 8, 2014, at approximately 3:00 a.m., plaintiff was lawfully riding the F train in the vicinity of the 4th Street Subway station, NY, NY.

21. Plaintiff lawfully was lawfully traveling home from work on the subway.

22. While plaintiff was on the subway, without provocation, two females named Danay Howard and Shanique Campbell that plaintiff did not know started verbally harassing plaintiff in an aggressive manner.

23. Specifically, the two woman made racial slurs towards plaintiff and aggressively cursed at plaintiff.

24. Plaintiff ignored the women that were verbally harassing him and tried to walk away from the two women.

25. However, the women continued to verbally abuse plaintiff and then without provocation, Danay Howard began to physically attack plaintiff.

26. Danay Howard violently struck plaintiff in the face and ear with a high heel shoe, causing plaintiff's face and ear to bleed and causing plaintiff to sustain serious physical injuries, including but not limited to, a laceration to plaintiff's ear.

- 5 -

27. As plaintiff was being viciously attacked by the two woman an unknown male jumped plaintiff and joined the women in the violent attacked of plaintiff, causing him to suffer additional physical injuries.

28. As plaintiff was being viciously attacked by the women and man, he was in fear for his life and safety, and attempted to defend himself from being violently attacked.

29. Notably, there were numerous witnesses to the vicious attack and at least one witness filmed the entire attack on plaintiff. The video clearly showed that the two females and male attacked plaintiff without provocation, and that that plaintiff attempted to defend himself from the violent attack.

30. When the train pulled into the West 4th Street subway station, the defendant police officers responded to the subway car where plaintiff had been attacked.

31. The defendant police officers spoke to the witnesses of the attack all of whom told the police officers that the two women and male were the aggressors, and that plaintiff was the victim of the attack.

32. Specifically, defendant Binagi spoke to plaintiff's co-worker, Rafael Ayala, at the scene of the attack, and Mr. Ayala stated to defendant Binagi that the two woman began verbally harassing plaintiff, and other passengers on the train, and that the two woman and one male violently attack plaintiff causing plaintiff to suffer serious physical injuries.

33. Additionally, defendant Binagi, spoke to witness, Eden Zshar at the scene of the attack, and Eden Zshar corroborated Mr. Ayala's version of events and told defendant Binagi that the two woman began verbally harassing plaintiff, and other passengers on the train, and that the two woman and one male violently attack plaintiff causing plaintiff to suffer serious physical injuries.

34. Notably, both witnesses, Rafael Ayala and Eden Zshar, told defendant Binagi at the scene of the incident that plaintiff was the victim in this incident and was violently attacked by the two women and one male.

35. After speaking with the witnesses that confirmed plaintiff was the victim in this incident, the defendant police officers viewed the cell phone video footage of the attack, which clearly showed that the two females and one male were the aggressors, and that Donay Howard violently attacked plaintiff with a high heel shoe, without provocation causing plaintiff to suffer serious physical injuries.

36. The video further corroborated the witnesses version of events that the two women and one male were the aggressors in this incident and plaintiff was a crime victim, who was in fear for his life and safety.

37. Additionally, the defendant police officers observed the visible physical injuries plaintiff sustained to his ear and head and observed plaintiff bleeding profusely.

38. Conversely, the defendant police officers knew that none of the assailants suffered physical injuries and knew that none of the assailants received medical attention.

39. All of the facts and information in the defendant police officers' possession at the time of plaintiff's arrest established that plaintiff was a crime victim and had not committed any crime.

40. The evidence in the possession of the defendant police officers at the time they arrested plaintiff could not have caused a reasonable police officer to believe plaintiff committed any crime.

41. At no time did plaintiff commit any crime, nor did the defendant police officers have any reason to believe he committed a crime.

42. Nevertheless, the defendant police officers handcuffed plaintiff and arrested plaintiff without legal justification or probable cause.

43. After plaintiff was arrested, he was transported to New York-Presbyterian Lower Manhattan Hospital to receive medical treatment for the serious physical injuries plaintiff sustained during the attack by the assailants.

44. The medical treatment included treatment for a laceration to his ear and head.

45. On November 8, 2014, at approximately 6:00 a.m., plaintiff was discharged from the hospital and transported to the police precinct.

46. While at the precinct, plaintiff was fingerprinted, photographed, and placed in a holding cell.

47. While plaintiff was a the precinct, the defendant police officers falsely communicated to the Manhattan District Attorney's Office that plaintiff had committed a crime despite all of the witnesses stating that plaintiff was the victim and despite clear video evidence indicating the contrary.

48. Moreover, upon information and belief, the defendant police officers intentionally and maliciously withheld exculpatory evidence from the Manhattan District Attorney's Office, namely the information provided to them by the witnesses and the video footage exonerating plaintiff.

49. Based upon the false, incomplete, and/or misleading information provided to the District Attorney's Office by the defendant police officers, a prosecution against plaintiff was initiated.

50. Defendant Binagi initiated the prosecution by signing the criminal court complaint, which contained false allegations against plaintiff.

51. After several hours at the precinct, plaintiff was transported to Manhattan Central Booking.

52. While at central booking, plaintiff was forced to endure filthy conditions.

53. Plaintiff was unlawfully charged with Assault in the 3rd Degree.

54. On November 9, 2014, after an unlawful detention that lasted approximately 36 hours, plaintiff was arraigned in Manhattan Criminal Court and bail was set by the Judge in the amount of $1,000.

55. Plaintiff was unable to post bail and therefore was remanded to the custody of the Department of Correction.

56. On November 9, 2014, at approximately 4:30 p.m., plaintiff was transported to the Manhattan Detention Center ("MDC").

57. On or about November 10, 2014, plaintiff appeared in Manhattan Criminal Court and all charges against plaintiff were dismissed.

58. Plaintiff was finally released from custody on November 11, 2014 at approximately 5:00 a.m.

59. Notably, the female that assaulted plaintiff, Danay Howard, was arrested and prosecuted for assaulting plaintiff.

60. Danay Howard was charged and Indicted on Felony Assault charges PL Section 120.05(1), under Indictment # 01603-2015.

61. Danay Howard pled guilty to Felony Assault of plaintiff.

62. Some of the defendant police officer defendants, including defendant police officer Farone and defendant police officer Stewart observed the violation of plaintiff's rights under the Constitution of the United States and New York State Law and did nothing to prevent the false imprisonment, false arrest, malicious prosecution, and denial of a fair trial against plaintiff.

63. The false arrest, false imprisonment, malicious prosecution, and denial of a fair trial against plaintiff by the individually named defendant police officers caused him to sustain severe physical, psychological and emotional trauma.

64. As a result of the false arrest, false imprisonment, malicious prosecution, and denial of a fair trial plaintiff lost his job.

65. As a result of losing his job, plaintiff was forced to borrow money from several friends to pay his bills.

66. As a result of the false arrest, false imprisonment, malicious prosecution, and denial of a fair trial plaintiff's relationship with his family, especially his mother was negatively affected.

## FIRST CAUSE OF ACTION

## Violation of Plaintiff's Fourth and Fourteenth Amendment Rights

67. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 66 with the same force and effect as if more fully set forth at length herein.

68. The individually named police officer defendants while acting in concert and within the scope of their authority, caused plaintiff to be falsely arrested, falsely imprisoned, maliciously prosecuted, and denied the right to a fair trial without probable cause in violation of

plaintiff's right to be free of an unreasonable seizure and denial of due process under the Fourth Amendment of the Constitution of the United States and to be free of a deprivation of liberty under the Fourteenth Amendment to the Constitution of the United States.

## SECOND CAUSE OF ACTION

## False Arrest and False Imprisonment

69. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 68 with the same force and effect as if more fully set forth at length herein.

70. The acts and conduct of the defendants constitute false arrest and false imprisonment under the laws of the State of New York.  Defendants intended to confine plaintiff and, in fact, confined plaintiff, and plaintiff was conscious of the confinement.  In addition, plaintiff did not consent to the confinement and the confinement was not otherwise privileged.

71. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

72. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

73.    Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## THIRD CAUSE OF ACTION

## Negligent Hiring, Retention, Training and Supervision

74. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 73 with the same force and effect as if more fully set forth at length herein.

75. The City of New York and its employees, servants and/or agents acting within the scope of their employment did negligently hire, retain, train and supervise defendants, individuals who were unfit for the performance of police duties on the aforementioned dates at the aforementioned locations.

76. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FOURTH CAUSE OF ACTION

## Negligence

77. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 76 with the same force and effect as if more fully set forth at length herein.

78. Defendants owed a duty of care to plaintiff.

79. Defendants breached that duty of care by falsely arresting, falsely imprisoning, maliciously prosecuted, and denying plaintiff the right to a fair trial.

80. As a direct and proximate cause of this unlawful conduct, plaintiff sustained the damages hereinbefore alleged.

81. All of the foregoing occurred without any fault or provocation by plaintiff.

82. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

83. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## FIFTH CAUSE OF ACTION

### Negligent Infliction of Emotional Distress

84. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 83 with the same force and effect as if more fully set forth at length herein.

85. By the actions described herein, defendants, each acting individually and in concert with each other, engaged in extreme and outrageous conduct, conduct utterly intolerable in a civilized community, which negligently caused severe emotional distress to plaintiff, Jorge Pena. The acts and conduct of the defendants were the direct and proximate cause of injury and damage to plaintiff and violated plaintiff's statutory and common law rights as guaranteed plaintiff by the laws and Constitution of the State of New York.

86. As a result of the foregoing, plaintiff was deprived of liberty and sustained great emotional injuries.

87. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

88. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## SIXTH CAUSE OF ACTION

### Failure to Intervene

89. The plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs marked 1 through 88 with the same force and effect as if more fully set forth at length herein.

90. Defendants had an affirmative duty to intervene on behalf of plaintiff, whose constitutional rights were being violated in their presence by other officers.

91. Defendants failed to intervene to prevent the unlawful conduct described herein.

92. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, he was put in fear of his safety, and he was humiliated and subject to other physical constraints.

93. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

94. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

95. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## **SEVENTH CAUSE OF ACTION**

## **Malicious Prosecution**

96. Plaintiff repeats and realleges paragraphs 1 through 95 as if fully set forth herein.

97. The acts and conduct of the defendants constitute malicious prosecution under the United States Constitution, the laws of the State of New York and New York State common law.

98. Defendants commenced and continued a criminal proceeding against plaintiff.

99. There was actual malice and an absence of probable cause for the criminal proceeding against plaintiff and for each of the charges for which he was prosecuted.

100. The prosecution and criminal proceedings terminated in plaintiff's favor on the aforementioned dates.

101. Plaintiff was subjected to a post-arraignment deprivation of liberty sufficient to implicate plaintiff's Fourth Amendment rights.

102. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

103. The City, as the employer of the police officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

104. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## EIGHTH CAUSE OF ACTION

## Violation of Plaintiff's 5th Amendment Right Denial of Due Process and Denial of Right to Fair Trial

105. Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered 1 through 104 with the same force and effect as if fully set forth herein.

106. Defendants, individually and collectively, manufactured and/or withheld false evidence and forwarded this false evidence to prosecutors in the New York County District Attorney's Office.

107. Defendants filled out false and misleading police reports and forwarded them to prosecutors in the New York County District Attorney's Office.

108. Defendants signed false and misleading criminal court affidavits and forwarded them to prosecutors in the New York County District Attorney's Office.

109. In withholding/creating false evidence against plaintiff Jorge Pena, and in providing/withholding information with respect thereto, defendants violated plaintiff's constitutional right to a fair trial under the New York State Constitution and under the Due Process Clause of the Fifth and Fourteenth Amendments of the United States Constitution.

110. As a result of the foregoing, plaintiff Jorge Pena, sustained, inter alia, loss of liberty, emotional distress, embarrassment and humiliation, lost earnings and deprivation of his constitutional rights.

111. Defendants were at all times agents, servants, and employees acting within the scope of their employment by the City of New York and the New York City Police Department, which are therefore responsible for their conduct.

112. The City, as the employer of the officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

113. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

114. Pursuant to 28 U.S.C. § 1367, this Court has pendant or supplemental jurisdiction to hear and adjudicate such claims and pursuant to the Fourth Amendment of the United States Constitution this Court has jurisdiction to hear the federally based claim.

## JURY DEMAND

115. Plaintiff hereby demands trial by jury of all issues properly triable thereby.

## PRAYER FOR RELIEF

**WHEREFORE**, plaintiff prays for relief as follows:

That the jury find and the Court adjudge and decree that plaintiff Jorge Pena shall recover compensatory damages in the sum of $2,000,000 against the individual defendants and the City of New York, jointly and severally, together with interest and costs; and punitive damages in the sum of $1,000,000 against the individual defendants, jointly and severally.

a. That the plaintiff recover the cost of the suit herein, including reasonable attorneys fees pursuant to 42 U.S.C. § 1988.

b. That the plaintiff has such other and further relief as the Court shall deem just and proper.

- 17 -

Dated:      New York, New York
              October 20, 2016

By:  /s/
     STUART E. JACOBS
     JACOBS & HAZAN, LLP
     Attorney for Plaintiff
     11 Park Place, 10th Floor
     New York, NY 10007
     (212) 577-2690